**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Wayne Cook, | No. CV-12-08110-PCT RCB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Charles L. Ryan, et al., | **ORDER DISMISSING PETITION** |
| Respondents. | |

Petitioner, a condemned prisoner whose execution is set for August 8, 2012, has filed a second federal habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking relief from his capital sentence on the ground that pre-trial counsel failed to investigate or prepare a mitigation case. (Doc. 1 at 3.) For the reasons that follow, the petition is dismissed.

## BACKGROUND

In 1988, a jury convicted Petitioner of two counts of first-degree murder for the brutal killing of two acquaintances in Lake Havasu City. Details of the crimes are set forth in the Arizona Supreme Court's opinion upholding Petitioner's convictions and sentences. *See State v. Cook*, 170 Ariz. 40, 45-46, 821 P.2d 731, 736-37 (1991). Shortly before trial, Petitioner waived counsel and represented himself.

Following unsuccessful direct appeal and state post-conviction proceedings, Petitioner sought federal habeas relief under 28 U.S.C. § 2254. In an amended habeas petition filed on September 25, 1997, Petitioner asserted that he was denied the effective assistance of counsel

when he was represented by counsel during the pre-trial period. (Doc. 18 at 39.) The entirety of the claim with respect to sentencing alleged that counsel had failed to "[d]evelop a plan for a mitigation hearing." (*Id.* at 40.) The Court determined that Petitioner's ineffectiveness claims were procedurally barred and ultimately denied relief on his remaining claims. On appeal, the Court of Appeals for the Ninth Circuit affirmed, and the Supreme Court denied certiorari. *Cook v. Schriro*, 538 F.3d 1000, 1011 (9th Cir. 2008), *cert. denied*, 555 U.S. 1141 (2009).

On June 5, 2012, Petitioner filed the instant habeas petition raising one claim—ineffective assistance of counsel for failing to investigate or prepare a mitigation case. The petition sets forth additional life history about Petitioner that was not developed prior to Petitioner invoking his right to self-representation. In addition, Petitioner has obtained new evaluations by mental health professionals who conclude that he suffers from post-traumatic stress disorder and impaired cognitive functioning. The petition asserts that pre-trial counsel failed to conduct a basic investigation of Petitioner's social history, mental health, and history of drug abuse; failed to employ a mitigation investigator; and failed to consult with a mental health expert.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive petition that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive petition that was not presented in a prior petition must be dismissed unless the new claim satisfies certain criteria. Section 2244(b)(3)(A) requires authorization from the court of appeals before a successive petition raising a new claim permitted under § 2244(b)(2) may be filed in a district court. *See Burton v. Stewart,* 549 U.S. 147,152-53 (2007) (observing that § 2244(b) established a stringent set of procedures a prisoner must follow before filing a second or successive federal habeas corpus petition challenging the same conviction).

There is no dispute that the instant proceeding was initiated by the filing of a second-in-time federal habeas petition under § 2254 seeking to set aside the same judgment litigated

1 in Petitioner's first habeas proceeding. There is also no dispute that Petitioner has not sought
2 or obtained permission from the court of appeals to file the petition in this Court. There is
3 a significant question whether the "failure to investigate" claim raised in the second petition
4 is the same as the "failure to develop a mitigation plan" claim raised in the initial petition.
5 Regardless, the Court concludes that dismissal is required.

6 Petitioner correctly notes that the Supreme Court "has declined to interpret 'second
7 or successive' as referring to all § 2254 applications filed second or successively in time,
8 even when the later filings address a state-court judgment already challenged in a prior
9 § 2254 application." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *see, e.g.*, *Slack v.
10 McDaniel*, 529 U.S. 473, 485-86 (2000) (concluding that a petition filed after district court
11 dismissed an initial petition for failure to exhaust state remedies is not "second or successive"
12 petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998) (holding that a second-
13 in-time petition is not "second or successive" when it raises a claim previously dismissed as
14 premature). Based on these cases, Petitioner argues that his second-in-time petition is not
15 successive because the Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012),
16 announced an equitable rule that was not available during Petitioner's initial habeas
17 proceeding but which provides cause for the procedural default of the ineffectiveness claim
18 raised therein. In Petitioner's view, the claim "has only now become ripe because only now
19 may he establish cause [based on *Martinez*] to overcome the procedural bar." (Doc. 1 at 37.)
20 The Court declines to accept this novel proposition. *See Adams v. Thaler*, 679 F.3d 312, 322
21 (5th Cir. 2012) (rejecting argument that second-in-time petition not "successive" because
22 *Martinez* removed technical barrier to federal habeas review); *Lopez v. Ryan*, 678 F.3d 1131,
23 1139 n.2 (9th Cir.), *cert. denied*, 2012 WL 2192662 (U.S. June 26, 2012) (finding no basis
24 for certificate of appealability on assertion that Rule 60(b) motion based on *Martinez* should
25 be treated as first-in-time habeas petition).

26 Petitioner asserts that the claim raised in his second petition is "exactly the same" as
27 the claim raised in his initial habeas petition. If so, then outright dismissal is required under
28 28 U.S.C. § 2254(b)(1). *See Gonzales v. Crosby*, 545 U.S. 524, 530 (2005); *West v. Ryan*,

652 F.3d 1048, 1053 (9th Cir. 2011). If, as it appears to this Court, the claim raised in the second petition is a substantially different claim than that raised in the initial petition, Petitioner must seek authorization from the Ninth Circuit before the petition may be considered here. Under either scenario, dismissal is required.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**. The Clerk of Court shall enter judgment accordingly and terminate this case.

DATED this 6th day of July, 2012.

_____
Robert C. Broomfield
Senior United States District Judge